IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN OMAR JACOBS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 17-569 |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT DELBALSO, THE DISTRICT ATTORNEY OF MOTGOMERY COUNTY, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 24th day of September, 2020, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Shawn Omar Jacobs ("Jacobs") (Doc. No. 1), the state court record (Doc. Nos. 6, 34, 35, 36, 37, 38), the respondents' response to the habeas petition (Doc. No. 19), Jacobs' memorandum of law in support of his previously filed petition for habeas corpus (Doc. No. 27), Jacobs' supplemental memorandum of law in support of ground five in his previously filed petition for habeas corpus relief (Doc. No. 31), the report and recommendation by United States Magistrate Judge Marilyn Heffley (Doc. No. 39), and Jacobs' objections to the report and recommendation (Doc. No. 44); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1.   The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2.   Jacobs' objections to the report and recommendation (Doc. No. 44) are **OVERRULED**, except to the extent that Jacobs' first, second, third, and fourth objections pertain

2

to Judge Heffley's analysis on the harmlessness of the *Bruton* violation as laid out in the separately filed memorandum opinion;

    3.    The Honorable Marilyn Heffley's report and recommendation (Doc. No. 39) is **APPROVED** and **ADOPTED** except as otherwise modified in the separately filed memorandum opinion;

    4.    The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

    5.    The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

    6.    The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.